UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-145-MOC-WCM

| | |
|---|---|
| **CLINTON ALLEN MCDONALD,** | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| **ANDREW SAUL,** | ) |
| **Acting Commissioner of Social Security** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (#19). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed his objection within the time allowed. See Pl. Objection (#20).

**I.  Background**

On October 26, 2016, Plaintiff filed applications for disability insurance benefits and supplemental security income. Plaintiff's claims were initially denied on February 9, 2017, and subsequently upon reconsideration. Plaintiff thereafter filed a written request for a hearing and a hearing was held on July 23, 2018. Plaintiff was represented by counsel at the hearing. On August 1, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review of that decision on March 12, 2019, making the ALJ's decision the final decision of the

Commissioner, subject to review by this Court.

On March 25, 2019, Plaintiff, appearing pro se, filed the instant action, seeking review of the ALJ's decision. After the parties filed motions for summary judgment, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued an M&R. In the M&R, Judge Metcalf analyzed the available record, including the disability decision from the State of North Carolina and the decision of the ALJ. (#19). Ultimately, Judge Metcalf recommended that the Court grant the defendant's summary judgment motion, deny the plaintiff's summary judgment motion, and dismiss the suit. The plaintiff has filed an objection to the magistrate judge's M&R. Pl. Objection (#20).

**II.     Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted

a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the M&R and grant relief in accordance therewith.

**III.   Discussion**

In his sole objection, the plaintiff argues that the jobs the ALJ determined that the plaintiff could perform are inconsistent with the plaintiff's RFC, which requires light work and no interaction with the general public. The plaintiff argues that the ALJ erred in finding that no public contact was required in performing the jobs of photocopy machine operator, laundry aide, hand packager and inspector, and palletizer. According to the plaintiff, "an abundance of evidence . . . proves . . . that the public will be involved with the plaintiff in these jobs at some point, either through coworkers, supervisors, faculty, or even maintenance, through the interpretation of the DOT job descriptions and the Job descriptions presented in the Plaintiff's Summary Judgment." (Doc. No. 20 at 5). The plaintiff states that he objects "to the [vocational expert's] testimony that the plaintiff will not need public contact to sustain the jobs of . . . photocopying machine operator, laundry classifier/sorter/separator, inspector and hand packager and palletizer . . . [as] these jobs will need some type of public contact eventually, and it would be absurd . . to believe otherwise." (Id. at 4-5). The plaintiff further argues that "an abundance of evidence . . . proves undeniably that the public will be involved with the plaintiff in these jobs at some

point, either through coworkers, supervisors, faculty, or even maintenance . . . ." (Id. at 5).

The plaintiff raised this same argument before the magistrate judge, and the magistrate judge rejected it. This Court finds that the magistrate judge's analysis and rejection of the plaintiff's claim is consistent with Fourth Circuit and Supreme Court law. At the hearing before the ALJ, the vocational expert ("VE") specifically testified that, in his experience, the representative jobs the plaintiff could perform do not require regular public contact, nor would they require interaction with co-workers, as these jobs were basically "independent." (Doc. No. 14-1 at 179-81). In rejecting the plaintiff's arguments regarding contact with the regular public, the magistrate judge stated:

> the fact that specific positions may exist that have requirements purportedly inconsistent with Plaintiff's RFC does not indicate that the ALJ's reliance on the descriptions of the representative occupations set out by the DOT and as referenced by the VE's testimony was improper. See Hintersteiner v. Astrue, Civil Action No. 11-240, 2013 WL 1337375, at * 4 (S.D. W.Va. March 29, 2013) ("In the absence of any apparent conflicts, the ALJ therefore, was entitled to rely on the VE's responses."); Graves v. Colvin, 12cv643, 2015 WL 5167240, at * 6 (M.D.N.C. Sept. 3, 2015) ("The VE was qualified to determine which jobs Mr. Graves could perform, given the limitations set forth by the RFC, and the ALJ was entitled to rely on the VE's testimony."). The VE did not testify, and the ALJ did not find, that Plaintiff met the qualifications for any specific position with any individual employer (e.g., Staples) but rather that representative jobs Plaintiff could perform (e.g., photocopying-machine operator, laundry aide, hand packager and inspector, and palletizer) do exist.

(Doc. No. 19 at 19). In his objection to the magistrate judge's M&R, the plaintiff argues that, at some point, these jobs would require him to interact with at least someone, whether it is the public, supervisors, or coworkers. Of course, the plaintiff is literally correct. The plaintiff would be required to interact with people to train for the jobs and, of course, at some point the plaintiff would be required to interact with other people, even if minimally.

-4-

To accept what Plaintiff is arguing here, however—that the VE was required to point to a job that required <u>no human interaction whatsoever</u>—would of course, eliminate all jobs from jobs that the plaintiff could do. The ALJ did not find, however, and the evidence did not support a finding, that the plaintiff could have no personal interaction with others whatsoever in any job that he might do. Rather, the ALJ found that "[i]in interacting with others, the claimant has a moderate limitation," as the plaintiff reported "episodes of irritability and high anxiety, resulting in difficulty interacting with others." (Doc. No. 14-1 at 19). The ALJ further noted that the plaintiff nevertheless "reports that he has supportive relationships with several friends and family members." (<u>Id.</u>). Thus, even if the jobs of photocopying-machine operator, laundry aide, hand packager and inspector, and palletizer required at least minimal interaction with other people, the ALJ did not err in finding that the plaintiff could perform the jobs of photocopying-machine operator, laundry aide, hand packager and inspector, and palletizer. As noted, the VE testified that, in his experience, these jobs do not require interaction with the general public. This Court sees no conflict with this testimony and the DOT descriptions of these designated jobs. That the plaintiff would still be required to at least have minimal interaction with other people in doing these jobs (as he would in doing <u>any</u> job) does not mean that the VE's testimony was improper. Thus, the Court overrules this objection, and the Court will affirm the magistrate judge's M&R.

### III. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is consistent with and supported by current Fourth Circuit and Supreme

Court case law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will affirm the M&R and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objection (#20) is **OVERRULED**, the Memorandum and Recommendation (#19) is **AFFIRMED,** defendant's Motion for Summary Judgment (#16) is **GRANTED,** plaintiff's Motion for Summary Judgment (#15) is **DENIED**, and plaintiff's case is **DISMISSED**.

The Clerk of Court is instructed to enter a Judgment consistent with this opinion.

Signed: February 11, 2020

Max O. Cogburn Jr
United States District Judge